# Bingham *v.* Montgomery.

### *Petition for Rehearing.*

1. *A petition for a rehearing, not containing the requisite allegations, should be refused.*—A petition for a rehearing, which contains no facts that bring it within the influence of sections 3159 and 3160 of the Code of 1876, should not be granted.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN HENDERSON.

James Montgomery brought suit on the 16th day of April, 1866, in the Circuit Court of Talladega county, against Arthur Bingham and Richard Hillsman, on a promissory note. At the fall term, 1867, of the said court, a judgment was entered against the defendants in favor of the plaintiff.

Thereupon a motion was made by the defendants for a new trial, on the grounds that " the verdict was contrary to the law and the evidence, and that the verdict was contrary to the charge of the court."

The motion was overruled by the court. Subsequently, by leave of court, an amended petition for a rehearing was filed. To which the plaintiff demurred. The demurrer was sustained by the court, and the petition was dismissed. To this action of the court, the defendant excepted.

GEO W. PARSONS, and TAUL BRADFORD, for appellants. It was the duty of the appellee to perfect the record or supply a copy of his written grounds of demurrer in each instance. This he has not done, although the appellant has given him repeated opportunities to do so, as the orders of the court establish. Therefore he can not complain if the well settled rule, that " no demurrer in pleading can be allowed but to matters of substance, which the party demurring specifies. Rev. Code, § 2556; *Eads v. Murphy*, 52 Ala. 520.

2. A demurrer to a complaint not stating any specific grounds of objection, should be overruled.—35 Ala. 259; 35 Ala. 722; 40 Ala. 63.

JOHN T. HEFLIN, for appellee.—1. The application for *supersedeas* and rehearing is a suit, and an appeal may be taken from the judgment rendered on the demurrer. The

[Marks v. Tarver.]

judgment on the demurrer to the petition for rehearing, is separate and distinct from the judgment rendered at spring term, 1870, in favor of *Montgomery v. Bingham & Hillsman.* 40 Ala. 586; 10 Ala 279, 282; 16 Ala. 813; 28 Ala. 110.

2. The clerk certifies that the appeal is taken from a judgment in the case of *James Montgomery v. Arthur Bingham and Richard Hillsman.* The record shows this judgment was rendered April 27th, 1876. The clerk certifies the appeal was at the spring term, 1870. More than two years elapsed between the rendition of the judgment and the application for the appeal. It is therefore barred.

3. The application for a rehearing does not contain any ground for relief or defence to the original cause of action. 44 Ala. 48; *Hickson v. Lingold,* 47 Ala. 449. Moreover, the application for rehearing is not within the provisions of the statute for a rehearing at law.—28 Ala. 490.

STONE, J.—The petition for rehearing in this cause, so far as is shown in the record, contains nothing which brings it within the influence of the statutes.—Code of 1876, §§ 3159, 3160; 2 Brick. Dig. 280–1, §§ 56 *et seq.*

Judgment of the Circuit Court affirmed.